IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BARRY LEON RHODES, #639396 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv142 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION and ORDER DISMISSING

Petitioner Barry Leon Rhodes, a prisoner confined in the Texas prison system, brings, pursuant to 28 U.S.C. § 2254, this petition for a writ of habeas corpus challenging his conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

The present petition does not concern the Petitioner's conviction; instead, the petition concerns disciplinary case number 2005129525. His punishment consisted of a line class reduction from L1 to L2, loss of thirty days commissary privileges, thirty days of recreation restriction, nine days of solitary confinement, and loss of ninety days of good time credit. Petitioner complains (1) that when Officer K. Jackson shook down Petitioner's cell for the purpose of harassing him because of his sexual preferences, Petitioner said that he would write up Officer Jackson, and consequently, Officer Jackson lied to the staff sergeant and said that Petitioner threatened Officer Jackson; (2) that Officer Bass, who was with Officer Jackson when he shook down the cell, lied by saying that Officer Bass witnessed Petitioner's threatening Officer Jackson, but that Officer Bass's testimony was not credible because Petitioner previously had written him up for gay bashing; (3) that Captain Pace dismissed one charge because the officer was found to be lying about the incident, yet Captain

Pace still found Petitioner guilty of the other disciplinary charge; and (4) that Captain Pace refused to allow Petitioner to read into the disciplinary proceeding record the grievance reports on some of the third shift officers.

## Standards and Discussion

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *Wilkinson v. Austin*, 125 S. Ct. 2384, 2394 (2005). No liberty interest protects against a thirty-day assignment to segregated confinement. *Id*. Cell restriction and loss of commissary and recreation privileges do not trigger due process protection.

Punishment consisting of loss of opportunity to earn good time is not enough to trigger the protection of the Constitution (*Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995), *cert. denied* 517 U.S. 1196 (1996)), even if an inmate is eligible for mandatory supervision (*Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000)). Line-class reduction, therefore, does not trigger due process protection.

If a prison inmate has a protected liberty interest in good time credits (*Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 453 (1985); *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001)), then due process requires procedural protections before the inmate can be deprived of a protected liberty interest in those good time credits (*Broussard v. Johnson*, 918 F. Supp. 1040, 1046 (E.D. Tex. 1996)). The loss of good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin*, 515 U.S. at 487. Loss of good time will trigger the protection of the Constitution only if a prisoner is eligible for release on mandatory supervision. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). Petitioner is eligible for

mandatory supervision. *Respondent's Answer*, Exhibit A at 2.

## Due Process Rights

Due process requires that in prison disciplinary proceedings a prisoner be provided the following:

1. advance written notice of the disciplinary charges (*Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. at 454; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004)) at least twenty-hours before a disciplinary hearing (*Wolff*, 418 U.S. at 539);

2. an opportunity to present evidence (*Houser*, 395 F.3d at 562), including calling witnesses and presenting documentary evidence when consistent with institutional safety and correctional goals (*Ponte v. Real*, 471 U.S. 491, 495 and 499 (1985); *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001));

3. a written statement in support of the ruling, which statement must be provided by the fact finder and include a statement of the evidence relied on and the reason for the disciplinary action (*Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. at 454; *Houser*, 395 F.3d at 562); and

4. some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex (*Wolff*, 418 U.S. at 563-70).

Petitioner does not assert any claim regarding these due process rights except to assert that Captain Pace refused to allow Petitioner to read into the disciplinary proceeding record the grievance reports on some of the third shift officers. Respondent asserts that Petitioner discussed the grievance reports during his opening statement at the hearing. Counsel substitute noted on the Hearing Work Sheet that Petitioner had filed grievances on "these officers." *Hearing Work Sheet* at 1. This Court assumes, from Petitioner's claims, that he wanted to read the grievances into the record to show that he previously had filed grievances on these officers. Petitioner gives no other explanation for his request to read the grievances into the record. The record shows that Petitioner presented to the

disciplinary hearing officer the fact that Petitioner had filed grievances on the officers. *See Hearing Work Sheet* at 1. Petitioner has not shown that his due process rights were violated by his allegedly not being allowed to read the grievances into the record.

### Sufficiency of the Evidence Claims

Petitioner complains (1) that when Officer K. Jackson shook down Petitioner's cell for the purpose of harassing him because of his sexual preferences, Petitioner said that he would write up Officer Jackson, and consequently, Officer Jackson lied to the staff sergeant and said that Petitioner threatened Officer Jackson; (2) that Officer Bass, who was with Officer Jackson when he shook down the cell, lied by saying that Officer Bass witnessed Petitioner's threatening Officer Jackson, but that Officer Bass's testimony was not credible because Petitioner previously had written him up for gay bashing; and (3) that Captain Pace dismissed one charge because the officer was found to be lying about the incident, yet Captain Pace still found Petitioner guilty of the other disciplinary charge. These claims imply a challenge to the sufficiency of the evidence to support the finding that Petitioner was guilty of the disciplinary infraction.

Revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings are supported by some record evidence. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In prison disciplinary proceedings, due process requires that there be some evidence to support the findings made in the disciplinary hearing. *Id*. at 648; *Richards v. Dretke*, 394 F.3d 291, 293 (5th Cir. 2004). A federal court must uphold a disciplinary hearing decision if it is supported by some facts or any evidence at all. *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

The Disciplinary Hearing Record shows that the charging officer testified that he was doing

4

a shake down, pulling out contraband, and Petitioner "said that he had something for me; I better ask Officer Bass." *Disciplinary Hearing Record* at 2. Charging Officer K. Jackson noted in the Offense Report that Petitioner threatened to inflict harm on Officer Jackson in that Petitioner said he had "something for me; I better ask Officer Bass what will happen," and that he stopped Officer Jackson from counting, which resulted in a significant disruption of operations including the count's being turned in late. *Offense Report* at 5. The Preliminary Investigation Report indicates that Petitioner threatened an Officer, showed aggression toward the staff, and created a disturbance. *Preliminary Investigation Report* at 6.

An initial investigation report and the charging officer's generalized testimony may constitute some evidence supporting a disciplinary hearing finding. *Smith v. Rabalais*, 659 F.2d 539, 546 (5th Cir. 1981), *cert. denied* 455 U.S. 992 (1982). The Offense Report, Preliminary Investigation Report, charging officer's testimony, and Disciplinary Hearing Record constitute some evidence supporting the disciplinary hearing findings.

### Retaliation Claims

Petitioner complains (1) that when Officer K. Jackson shook down Petitioner's cell for the purpose of harassing him because of his sexual preferences, Petitioner said that he would write up Officer Jackson, and consequently, Officer Jackson lied to the staff sergeant and said that Petitioner threatened Officer Jackson; and (2) that Officer Bass, who was with Officer Jackson when he shook down the cell, lied by saying that Officer Bass witnessed Petitioner's threatening Officer Jackson, but that Officer Bass's testimony was not credible because Petitioner previously had written him up for gay bashing. These claims imply that the disciplinary case was the result of retaliation.

The prospect of endless claims of retaliation on the part of inmates would disrupt prison

5

officials in the discharge of their most basic duties; consequently, claims of retaliation must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996). To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. *See Id*.

Mere conclusory allegations of retaliation will be insufficient to state a retaliation claim. *See Id*. An inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim of retaliation, an inmate must be prepared to establish a retaliatory motive and causation. *Hart v. Hailstone*, 343 F.3d 762, 765 (5th Cir. 2003). To state a claim of retaliation, an inmate must be prepared to establish that but for the retaliatory motive, the complained of incident--such as the filing of disciplinary reports--would not have occurred. *Woods*, 60 F.3d at 1166.

Petitioner has not shown that but for a retaliatory motive, the Offense Report would not have occurred. Petitioner has not shown a retaliatory motive or causation. Petitioner has not produced direct evidence of retaliatory motivation and has not alleged a chronology of events from which retaliation may plausibly be inferred. Petitioner's conclusory allegations of retaliation are insufficient to provide a basis for habeas corpus relief.

### Conclusion

Petitioner did not suffer atypical punishment triggering the protection of the Constitution. Consequently, the petitioner is not entitled to federal habeas corpus relief with respect to the

disciplinary case.  Relief should be denied.  The Court accordingly,

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERS** that all motions not previously ruled on are denied.

**SIGNED** this  7  day of **November, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE